The defendant's counsel moved that it might be quashed, because it did not appear on the face of the indictment before what court it was taken, nor indeed that it was taken before any court. Every caption of an indictment ought to show that it was taken before a court which had jurisdiction of the offense. 2 Haw. 359, sec. 119.
That act repeals a former one, by which an adequate compensation was allowed to those law officers whose duty it is to draw indictments in the county courts; but the repealing act fixes so small a fee as the recompense for each indictment that the Legislature must have foreseen that neither the skill nor the circumspection which are requisite to draw indictments, with technical precision, could be tempted into the service of the country. Against the inconveniences which would naturally arise from this regulation, they have endeavored to provide, by enacting, "That no bill of indictment or presentment shall be quashed, or judgment arrested, for or by reason of any informalities or refinements, where there appears to the county court sufficient in the face of the indictment to induce the court to proceed to judgment." These words appear to be sufficiently extensive to embrace every possible defect, provided the sense and substance can be collected from the indictment. If the Legislature were now about to remedy, by a law, such defects as the one under consideration, they could not, in my apprehension, convey their meaning more forcibly than they have done by the expressions they have employed; unless, indeed, they were to enumerate all the defects they intended to remedy, which would be absurd. It cannot be imagined that the Legislature deemed it of no consequence to remedy defects (530) in the caption, while they were convinced of the necessity of remedying those in the body of the indictment; for it is probable that the bill was drawn by a lawyer, and any person in the least degree *Page 433 
conversant with such subjects knows that the task of framing captions with accuracy is more difficult than that of drawing the other parts of a bill. A caption is undoubtedly a part of a bill of indictment; it is the introduction to the other parts, is on the same paper, and must be conjoined with the bill itself. It is therefore within the act which declared "no bill of indictment, etc."
Whenever an application is made to the court to quash a bill of indictment, it should be founded on such an objection as is obvious and palpable; for if the question be susceptible of doubt whether the exception is fatal or not, the party will be put to plead or demur. The Act of Assembly contains expressions of very comprehensive import, and certainly takes away the force of many exceptions to an indictment in the county court, which would still prevail if made in the Superior Court, to an indictment originally found there. It presents to the county court this question, Do you see enough upon the face of the indictment to induce you to give judgment? If this appears, by the plain deductions of common sense, though the terms of art be omitted, either in the description of the offense, the mode, the place, or the time of its commission, the indictment must be sustained. It is possible, therefore, that enough appears in the caption of this indictment to warrant an intendment, that it was found at Franklin County Court; for to what else can the word "sessions" be referred? But upon this we give no positive opinion; for it being discretionary with the court, whether they will grant this motion or not, we do not think any argument in its support can be drawn either from the crime itself or the nature of the objection.
Motion overruled.
Cited: State v. Wasden, 4 N.C. 597; State v. Heaton, 81 N.C. 545.
NOTE. — See State v. Roach, 3 N.C. 352, and the cases referred to in the note. See, also, State v. Wasden, 4 N.C. 596. *Page 434 
(531)